No. 35,925

MABEL K. BURNS, *Appellant*, v. ANSEL DRAKE, as Administrator of the Estate of S. B. Drake, Deceased, *Appellee.*

(139 P. 2d 386)

Opinion filed July 10, 1943.

*Herschel L. Washington* and *W. C. Dickey,* both of Leoti, were on the briefs for the appellant.

*R. D. Armstrong* and *D. B. Lang,* both of Scott City, were on the briefs for the appellee.

The opinion of the court was delivered by

HOCH, J.: This was an action for specific performance of an alleged oral contract to convey certain real property "by deed or will." A demurrer to the petition was sustained and the plaintiff appeals. The principal question presented is whether the action was barred by the nonclaim statute, G. S. 1941 Supp., 59-2239.

S. B. Drake, a resident of Scott county, Kansas, died intestate on May 8, 1941. Ansel Drake, one of his two sons—who, it is averred, constituted the sole heirs at law—was appointed administrator, and the first notice of the appointment was published on May 15, 1941.

We first take note of a prior action instituted by Mabel K. Burns, the appellant here. On February 13, 1942, she filed a petition in the probate court alleging that the estate was indebted to her in the sum of $4,000 for personal services rendered the decedent and in the sum of $1,000 for improvements which she had made upon certain land

owned by the decedent. She there alleged that the decedent had promised, under an oral contract made in May, 1936, that he would convey the land to her *by deed* if she would continue to care for him, prepare his meals, attend him in illness, and drive his car for him. She alleged the value of the land and improvements to be $5,000 and sought allowance of a claim in that amount. This claim was filed two days prior to the expiration of nine months after the first publication of notice of the administrator's appointment. Apparently, however, no order was asked or entered within the nine-months' period, setting the claim for hearing as then required by the statute. (*In re Estate of Dotson*, 154 Kan. 562, 119 P. 2d 518. For subsequent amendment to section 59-2237, G. S. Supp. 1941, see Senate bill No. 110, section 3, to appear as chapter 213, Laws 1943.) In any event, upon petitioner's own motion filed on April 7, 1942, the petition was stricken from the files.

The instant petition, filed in the probate court on May 14, 1942, was substantially similar to the prior one except that this time appellant alleged that the decedent had promised, by oral contract, to convey the land to her *"by will* or deed" in consideration of the services heretofore referred to, and this time she sought specific performance under the contract—a decree declaring title to be vested in her and quieting her title as against the defendants.

The petition, which had been captioned "In the Probate Court of Scott City, Kansas. In the matter of the Estate of S. B. Drake, deceased," was set for hearing on June 20, 1942. The record does not disclose that the other brother, Cecil Drake, was served with notice of this hearing or that he entered appearance. Ansel Drake, administrator, demurred on the ground—

"1. That the Petition discloses upon its face that the court has no jurisdiction of the subject matter of the action or of the parties thereto.

"2. That the alleged cause of action or claim is barred by the Statute of Limitations.

"3. That the alleged oral contract to convey real property is within the Statute of Frauds, and by reason thereof is unenforceable and void.

"4. That the purported services alleged to have been rendered to decedent were strictly of a business nature and one that could have been compensated with money.

"5. That no Notice of the hearing of said petition was ever given to the persons entitled thereto as provided by law."

After hearing the arguments the probate court sustained the demurrer "upon all the grounds" above stated. Upon appeal to the

district court the demurrer of the administrator was again sustained, on January 20, 1943, and the action was dismissed at appellant's cost. This appeal, addressed solely to the administrator and his attorneys, and not to the other brother, Cecil Drake, followed.

Although the demurrer was sustained upon all of the grounds stated, *supra,* appellee relies entirely upon the contention that the action or claim was barred because not filed or exhibited within the nine-months period specified in section 59-2239, G. S. 1941 Supp.

The question is whether the nonclaim statute (59-2239, *supra*) of the probate code is applicable to the instant cause of action.

The present probate code, which became effective July 1, 1939, made many and important changes in the law. It is in no way surprising, therefore, that a number of questions of interpretation and application have already arisen. Others will doubtless arise. It is well for all concerned that any ambiguities or uncertainties in the code touching either substantive rights or procedural questions be definitely determined as speedily as may be.

In a number of recent cases we have had occasion, in construing different provisions of the probate code, to discuss the broad, general purposes of the enactment. We need not here again treat that subject at any considerable length. However, in approaching the instant issue it seems well to quote briefly from a few of these recent opinions.

In *Foss v. Wiles,* 155 Kan. 262, 124 P. 2d 438, it was said:

"A careful study of the provisions of the new probate code leads us to conclude it was the intent and purpose of the framers of the Kansas probate ·code and of the legislature which enacted it to grant to probate courts exclusive original jurisdiction over all matters incident and ancillary to the settlement and distribution of decedent estates, except as to any matter over which that code expressly confers concurrent jurisdiction upon district courts." (p. 270.)

In the very recent case of *Egnatic v. Wollard,* 156 Kan. 843, 137 P. 2d 188, in which the question of jurisdiction of probate courts under the present code was broadly treated, it was said:

"Further evidence of the purpose of the framers of the Kansas probate code and the legislature in enacting it, to grant probate courts exclusive jurisdiction as far as possible over all matters incident and ancillary to the management, administration, settlement and distribution of decedents' estates, is found in the fact that by *its* terms every probate proceeding, including the exhibiting and allowance of demands against an estate, was made adversary where in many instances under the old code it was merely *ex parte.* . . .

"It needs no argument to sustain the view that when a person dies his individual capacity to respond in damages for his torts, to pay his debts, to carry out his contracts, and to distribute his estate ceases. Thereafter his financial obligations must be met by his estate. One who deems himself entitled to a part or all of such an estate, whether the right contended for is founded in tort, or upon oral or written contract, or under the will of the decedent, or under the statute of intestate succession, must recover, if at all, from the decedent's estate. Under our probate code the probate court is made the forum for the transaction of this business, and it is given original jurisdiction to probate the will, if decedent left one, to appoint an executor or an administrator of his estate, to require an inventory and appraisement of the assets of the estate, to hear the petition of anyone who claims all or any part of the estate, after due notice to all parties interested so each may have his day in court, and ultimately to settle the accounts of the executor or administrator and to disburse the estate to those legally entitled thereto.

"Summarizing, this court except in matters involving the adjudication of secured demands and a few others where adequate and proper relief is not expressly provided for, is committed to the doctrine that the new Kansas probate code grants exclusive original jurisdiction to the probate court over all matters incident and ancillary to the control, management, administration, settlement and distribution of decedents' estates, including the exhibition and establishment of claims and irrespective of whether those claims be denominated equitable or legal." (pp. 854, 856, 857.)

In *Erwin v. Erwin,* 153 Kan. 703, 113 P 2d 349, it was said:

"We think the above provisions of the new code clearly indicate the lawmakers intended every claim to an estate or to any portion thereof should be presented to the probate court in order to facilitate prompt and orderly distribution of decedent estates. If, in the process of administration, a question arises over which the probate court has no jurisdiction, the new code provides both the procedure and the remedy." (p. 708.)

In the instant action appellant sought specific performance of an alleged oral contract by decedent to convey real estate by deed or will. We pass the question of whether under the allegations of the petition the services which petitioner alleged she had performed and the improvements which she alleged had been made by her on the property were of a nature not compensable in money. For present purposes we shall assume—but not decide—that the petition stated a prima facie case for specific performance. The estate was being administered in the probate court and the real estate involved was part of the estate. Under such circumstances the exclusive, original jurisdiction of such an action now lies in the probate court. (*Bebee v. Beem,* 156 Kan. 115, 117, 131 P. 2d 675; *Swisher v. Bouse,* 155 Kan. 797, 130 P. 2d 565; *Yeager v. Yeager,* 155 Kan. 734, 129 P. 2d

242; *Foss v. Wiles,* supra; *Dixon v. Fluker,* 155 Kan. 399, 125 P. 2d 364.)

The pertinent provisions of the nonclaim statute of the code (59-2239, *supra*) read as follows:

"All demands, including demands of the state, against a decedent's estate, whether due or to become due, whether absolute or contingent, including any demand arising from or out of any statutory liability of decedent or on account of or arising from any liability as surety, guarantor, or indemnitor, and including the individual demands of executors and administrators, not exhibited as required by this act within nine months after the date of the first published notice to creditors as herein provided, shall be forever barred from payment."

We cannot agree that the word "demands" refers solely to claims to be paid in money. In view of the fundamental purposes sought to be accomplished by the new code we think the legislature intended the term "demands" as here used to be all-inclusive—to include all demands against the estate, whether legal or equitable in character, except in particular cases where the statute may expressly provide otherwise. All property in the estate is drawn into administration. Upon final settlement the court must determine the heirs, devisees, legatees, and by decree make proper assignment. The determination of an issue such as that here involved is as much a prerequisite to distribution as any money demand. To hold otherwise would defeat one of the purposes of the code—the plain legislative intent to unify administration and expedite the closing of decedents' estates.

Our conclusion that this sort of a demand must be filed within nine months is further fortified—at least by analogy—by the provisions of the probate code that appeals from an order admitting or refusing to admit a will to probate must now be taken within nine months (G. S. 1941 Supp. 59-2404). If one who contests a will must now start in the probate court and appeal is barred after nine months, why should not one who claims a right, either legal or equitable, to estate property as against those claiming by inheritance be required to assert his claim within a nine-months period? We think that was the legislative intent and see no hardship in the requirement. And as we have repeatedly pointed out, the rights of litigants in the probate court have been further safeguarded in the new probate code by a liberalized procedure in the district court, upon appeal. (G. S. 1941 Supp. 59-2408; *Foss v. Wiles,* supra; *Yeager v. Yeager,* supra, p. 736; *Meech v. Grigsby,* 153 Kan. 784, 789, 113 P. 2d 1091.)

The instant action was not filed until almost a year after the first publication of notice of the administrator's appointment. It follows from what has been said that the action was barred, the demand not having been exhibited within the nine-months' period specified in the nonclaim statute.

It is unnecessary to consider the other grounds specified in the demurrer.

The judgment is affirmed.