No. 36,256

In the Matter of the Partnership Estate of William Bourke, otherwise known as "Burke" (Deceased) and JOHN BOURKE. (DAVID BOURKE, *Appellant*, v. JOHN BOURKE, *Appellee*).

No. 36,257

In the Matter of the Estate of William Bourke, Deceased (JOHN BOURKE, *Appellee*, v. DAVID BOURKE, *Appellant*).

(156 P. 2d 501)

Opinion filed March 10, 1945.

*O. P. May*, of Atchison, argued the cause, and *B. P. Waggener* and *Ralph M. Hope*, both of Atchison, were on the briefs for the appellant.

*John S. Haney*, of Hiawatha, argued the cause, and *Roy V. Nelson*, of Hiawatha, and *Maurice P. O'Keefe* and *Karl W. Root*, both of Atchison, were on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: These are consolidated cases. No. 36,257 involves the question of whether the trial court properly allowed claims of an individual to a one-half interest in the estate of a deceased person while No. 36,256 has to do with a proceeding attempting to qualify a surviving partner for administration of an alleged partnership estate.

The record is somewhat confusing as well as complicated and we shall here relate only those facts and proceedings required to permit a proper disposition of the appeals.

William Bourke, an unmarried man, died intestate on October 14, 1940, a resident of Atchison county. On the date of his death he was the record owner of 700 acres of land located in Atchison and Brown counties. So far as listing for taxes is evidence of ownership, he was also the owner of considerable personal property. Shortly after his death John Bourke, a brother, who for some years prior thereto had been living with him, laid claim to a dance hall building, located on a quarter section of the real estate, as his sole and individual personal property by virtue of a certain contract, and in addition claimed to be the owner of an undivided one-half interest in all other property owned by him, both real and personal, under an alleged partnership agreement. What we have just related suffices as a general statement of the nature of the claims made by John Bourke to the property of his deceased brother and it will be unnecessary, as will be presently disclosed, to detail the circumstances under which he contends he acquired his right, title and interest therein.

Turning now to consideration of the situation on which John Bourke, hereinafter referred to as appellee, relies as establishing his position in case No. 36,257, the record discloses the following action by him in the proceeding originally instituted for the purpose of procuring administration of the estate of his brother. On January 1, 1942, an administrator was appointed and notice of his appointment and to creditors was first published on January 8th following. The administrator immediately proceeded to take possession of all property referred to and exercised dominion over it thereafter on all dates

herein mentioned. Prior to that time appellee had filed an answer to the petition seeking the appointment wherein he alleged the estate of his brother was really one of partnership in which he had a half interest and asked that whoever was designated to serve in such capacity be appointed to receive from him as surviving partner, after he had closed the affairs of the partnership, all property which actually belonged to the estate. However, as heretofore indicated and as will subsequently be disclosed, he failed to consummate the action which it is apparent was then contemplated by him. This pleading contained none of the requisites of a formal claim and it is not contended that by it a demand to a portion of the estate was exhibited or established in the manner provided by the probate code. Thereafter appellee made no effort to exhibit any demand against the estate based on the claim to which we have referred until December 31, 1943, the day on which the administrator's petition for final settlement came on for hearing in probate court. On that date he filed an answer wherein he alleged he was the sole owner of the dance hall and that by reason of the fact he was a partner of the deceased during his lifetime, he was the owner of and entitled to a one-half interest in all the personalty and cash in the estate and sought distribution of it to him by order of the court. In such answer he made no claim to an interest in the real property. David Bourke, hereinafter referred to as appellant, immediately filed an answer to the claims as made by appellee in his pleading. He denied existence of the partnership and among other things alleged that the claims set forth therein were barred by the nonclaim statute of the probate code. On this issue and others, which are not important for our purposes, the probate court on January 18, 1944, found the claims set forth in appellee's answer should be denied and rendered judgment accordingly. John Bourke then appealed to the district court by notice stating he appealed from the judgment denying his claim to one-half of the cash of the estate as a partner and his sole ownership in the dance hall, all as set forth in his answer to the petition for final settlement.

On April 14, 1944, after the appeal had reached district court, and subsequent to rendition of the judgment in No. 36,256 to which we shall presently refer, appellee filed two pleadings, one identified by him as his answer and entry of appearance as surviving partner and the other as his individual answer. In the one he alleged the administrator had in his hands the proceeds from the sale of per-

sonal property and was in possession of and managing and controlling the real estate, that all of such property, both real and personal, was the property and assets of the partnership estate resulting from the death of his brother and that he as surviving partner was not only entitled to have all the property turned over to him in that capacity but also to judgment decreeing him to be the owner of an undivided one-half interest therein. He also asked judgment declaring him to be the sole owner of the dance hall. In the other pleading he asserted that as surviving partner he was entitled to have delivered to him in that capacity all the property of the partnership, and further alleged that as an individual he was the owner of an undivided one-half interest in all such property real and personal, but consented to his taking possession thereof as surviving partner for purposes of administration. In this pleading he also claimed sole interest in the dance hall, requested that it be excepted from the assets in the estate of William Bourke and asked that it be adjudged to be his sole and individual property. In passing, although perhaps unnecessary to our decision, it should be noted that the first time appellee ever attempted to formally establish a demand to an interest in the real estate was in the pleadings filed by him in district court as just related. Within a few days appellant filed answer wherein he again denied existence of the partnership and once more asserted the claims made by appellee were barred by the nonclaim statute.

With issues thus joined the cause was tried in the district court and judgment was rendered for appellee allowing his claims substantially as set forth in the two pleadings just referred to and directing the administrator to deliver, convey and assign to John Bourke as surviving partner all property, both real and personal, held by him as administrator of William Bourke deceased. The appeal in No. 36,257 is from such judgment.

In the interest of clarity we next direct our attention to the events and circumstances pertinent to the issue involved in case No. 36,256. On October 30, 1940, appellee instituted a proceeding—separate and distinct from the estate proceeding to which we have previously referred—in probate court by the filing of a petition wherein he alleged all property owned by his brother on the date of his death was partnership property and asked that he as the surviving partner be vested with authority to take over its possession and management and close up the affairs of the partnership. Shortly thereafter ap-

pellant filed an answer to this petition denying the partnership and challenging the jurisdiction of the probate court to pass upon the question of partnership or the question of title to partnership property if, in fact, it was determined such a relationship as claimed by appellee existed. On April 9, 1941, appellant filed a petition stating he had raised the issue of the existence of a partnership and the jurisdiction of the probate court to pass upon that question or the question of title and prayed that the cause be transferred to the district court which he alleged had jurisdiction over such issue. As the result of the filing of this petition an order was made as prayed for and the proceeding was transferred. The cause came on for hearing on December 1, 1941. On that date appellant moved such proceeding be dismissed for want of jurisdiction. The district court sustained the motion and dismissed the action. Neither the journal entry of judgment nor the record discloses the reasons given for rendition of the judgment. The journal entry merely recites the filing of a motion to dismiss for want of jurisdiction, the hearing of arguments, a finding that such motion should be sustained and the dismissal of the proceeding. However, it does appear that no effort was made to appeal or that any appeal was ever taken from such judgment and that nothing further was filed in the partnership proceeding until January 11, 1944. On that date appellee filed another petition in the probate court which, omitting detail of recitation of facts relied upon by him, alleged that he was then entitled to have the petition filed on the 30th day of October, 1940, heard, and to be appointed administrator thereunder so as to determine the partnership properties and pursue such action as was necessary in regard thereto. The same day appellant filed an answer to that petition denying the partnership and alleging that the relief sought therein should be denied because the claims relied on were res judicata, having theretofore been adjudicated against appellee by both the probate court and the district court of Atchison county. The same day the probate court denied the petition and appellee again appealed to the district court. There the cause came on for trial, and appellant moved to dismiss the claim for the same reasons set forth in his answer in probate court, namely, that jurisdiction of the probate court to determine the issues therein involved had theretofore been denied by a judgment rendered in a court of competent jurisdiction, which judgment had not been appealed from and had become final and conclusive. In support of that motion he introduced all files,

journal entries and records in the estate of William Bourke and in the partnership estate, both in the probate and district courts. This motion was overruled and the cause set down for trial. At its conclusion the trial court rendered judgment decreeing a partnership existed between appellee and William Bourke during the latter's lifetime, directing that such partnership estate be administered in probate court and ordering that appellee, as surviving partner, be appointed to administer and close the affairs of the partnership. The appeal in case No. 36,256 is from that judgment.

It is apparent from what has been related that we have not attempted to detail the evidence adduced on either trial. Also apparent must be the fact that we have not referred to everything that was filed or took place in the proceedings had in probate court. In failing to do so we have not been unmindful of the state of the record as presented by the parties. We have examined it in its entirety. From that examination we have sifted out the salient facts which pertain to the issues we have determined are conclusive of the rights of the parties, and limited our statement of facts accordingly. To do otherwise would not only require a lengthy and cumbersome statement of immaterial facts and circumstances but would result in confusion and serve no useful purpose.

Since in its natural sequence the management and disposition of a partnership estate immediately follows the death of one of the partners and the final settlement of the decedent's estate in a sense ordinarily depends thereon we shall first give our attention to the question of whether the judgment in case No. 36,256 can be upheld. That question in our opinion can be summarily disposed of. The judgment was based upon a proceeding instituted in probate court more than three years after the identical trial court in a similar proceeding—which had originally been filed in the same probate court, but which was later transferred to it for final disposition—had sustained a motion to dismiss based on want of jurisdiction and dismissed such original proceeding. As to this first judgment, it must be conceded, there were open to appellee two courses of action. He could acquiesce in the decision or appeal from it as erroneous. He elected to take no appeal. By doing so he permitted the judgment to become final and conclusive as to him. Therefore, when three years later he attempted to obtain similar relief in the same court the question of jurisdiction was res judicata and the motion to dismiss on that ground should have been sustained. Whatever the rule

may be elsewhere, the doctrine of res judicata is too well established by decisions of this court to permit its renunciation. It not only prevents the relitigation of identical matters a second time but it bars the litigation of all matters in a subsequent action which might and should have been litigated in the first one (see *Stimec v. Verderber,* 152 Kan. 582, 106 P. 2d 708; *Mydland v. Mydland,* 153 Kan. 497, 112 P. 2d 104; *Kearny County Bank v. Nunn,* 156 Kan. 563, 134 P. 2d 635, and other decisions cited in the opinions of the foregoing cases).

Appellee concedes the doctrine is well established but seeks to limit its application. He contends judgments which are erroneous or based solely upon jurisdictional grounds are outside its purview. We do not agree and do not so construe our decisions. Moreover, this court has expressly declared that a judgment upon a demurrer which goes to the jurisdiction of a court to render judgment is a complete and final adjudication and can be interposed as a bar to the maintenance of a subsequent proceeding (*McLaughlin v. Doane,* 40 Kan. 392, 19 Pac. 853). It also adheres to the rule that a judgment of a court of competent jurisdiction, even though erroneous, when not corrected by appeal or supplemental proceedings, is res judicata (*Whiteman v. Cornwell,* 100 Kan. 234, 164 Pac. 280; *Huls v. Gafford Lumber & Grain Co.,* 120 Kan. 209, 243 Pac. 306 and *Cross v. Hodges,* 124 Kan. 672, 261 Pac. 585). See, also, *Eberhardt Lumber Co. v. Lecuyer,* 153 Kan. 386, 110 P. 2d 757, holding that inasmuch as jurisdiction embraces power to render a wrong judgment it also includes power to err on every question or issue in the action.

With the appeal in case No. 36,256 disposed of there remains for consideration the question of errors assigned to the judgment as rendered in case No. 36,257. The first specification of error is that the court erred in overruling a demurrer to the evidence which was interposed by appellant after appellee had concluded the presentation of testimony relied upon by him to establish his cause. It goes without saying that if this assignment is sustained others need not be considered. In approaching the question it must be kept in mind the appellant specifically pleaded the nonclaim statute as a defense both in probate and in district court, also that under the evidence whatever other action appellee may have taken in probate court, he made no attempt to exhibit a demand against the estate of his deceased brother in the estate proceeding until the administrator had

filed his petition for final settlement. On December 31, 1943, the date on which he did so—and for our purpose we shall treat such claim as having been first properly exhibited at that time and make no reference to subsequent pleadings where it was reasserted—almost two years had expired from the date the administrator's first notice to creditors had been published. True, as may be suggested, about two months preceding such action he had filed an answer consenting to the sale of certain personal property wherein he stated he claimed a one-half interest in that property and that on distribution *he would file his claim* to a one-half interest in the proceeds and all other cash in the hands of the administrator but that was in no sense a filing, let alone an exhibition, of a demand against the estate. Even if so regarded, it was filed long after the expiration of nine months from the date of publication of the notice to creditors.

With facts clearly established what is to be said for appellant's contention the claims were barred? For answer we turn to the statute and our decisions.

G. S. 1943 Supp. 59-2239, effective on all dates here involved, reads:

"All demands, including demands of the state, against a decedent's estate, whether due or to become due, whether absolute or contingent, including any demand arising from or out of any statutory liability of decedent or on account of or arising from any liability as surety, guarantor, or indemnitor, and including the individual demands of executors and administrators, not exhibited as required by this act within nine months after the date of the first published notice to creditors as herein provided, shall be forever barred from payment. . . ."

The section just quoted is a part of the new probate code of Kansas, effective July 1, 1939. Since that date we have been required on several occasions to construe the force and effect of its language. Without attempting to refer to all of our decisions on the subject it can be said it is now definitely established that the probate court of the county where a decedent's estate is being administered is the proper tribunal in which to exhibit a claim to all or any portion of his property and that such claim must be exhibited as provided in G. S. 1943 Supp. 59-2239, within nine months after the date of the first published notice to creditors or it will be forever barred.

In *Burns v. Drake,* 157 Kan. 367, 139 P. 2d 386, we held:

"An action against a decedent's estate, in process of administration, for specific performance of an oral contract, alleged to have been made by the decedent, to convey by deed or will real property which is part of the estate.

constitutes a 'demand' within the meaning of the nonclaim statute of the probate code, G. S. 1941 Supp. 59-2239.

"The demand, represented by such an action, is barred unless exhibited within the nine months' period specified in the nonclaim statute." (Syl. ¶¶ 1, 2.)

Later in the case of *In re Estate of Grindrod*, 158 Kan. 345, 148 P. 2d 278, it was determined:

"The words, 'all· demands', as used in G. S. 1943 Supp. 59-2239, which require demands to be exhibited in the probate court within a stated time were intended to be all-inclusive and to include claims or demands of every type and character against a decedent's estate and to any portion thereof, except in particular cases where a statute may expressly provide otherwise." (Syl. ¶ 5.)

And still later in a very recent decision, that of *Gantz v. Bondurant*, 159 Kan. 389, 155 P. 2d 450, we adhered to the construction theretofore given the statute, and held:

"The determination of an issue of ownership to real estate is as much a prerequisite to the proper distribution of a decedent's estate as the determination of any money demand, and a claim to all or a portion of the decedent's property must be asserted originally in the probate court irrespective of whether the claim be based upon legal or equitable grounds or whether decedent died testate or intestate." (Syl. ¶ 2.)

Under the decisions from which we have just quoted, and others to be found cited therein of which mention had been made, appellee's claim to an interest in the property, both real and personal, of his deceased brother was a demand within the meaning of the nonclaim statute. He failed to exhibit such demand within the time provided for therein either as a surviving partner or as an individual. When his cause came on for trial his own evidence conclusively established that fact. The action he did take came too late, it did not conform to the requirements of the statute in force and effect and was of no avail. It necessarily follows appellant's demurrer to appellee's evidence should have been sustained.

In view of the conclusions herein announced it becomes unnecessary to mention other questions presented in the briefs. The judgment in case No. 36,256 is reversed with directions to dismiss the appeal and the judgment in case No. 36,257 is also reversed and set aside and the cause remanded with instructions to sustain defendant's demurrer to the plaintiff's evidence.