No. 36,829

CHARLES HOUDASHELT, E. HOUDASHELT, J. P. HOUDASHELT, FLOYD HOUDASHELT, J. A. HOUDASHELT, J. C. HOUDASHELT, PAUL HOUDA-SHELT, LAURA NELL WILBER, CLEO ASHLOCK, MAY BERRY, *and* BESSIE LINDSEY, *Appellants*, v. ANNA SWEET, *Appellee.*

(180 P. 2d 604)

ORA D. MCCLELLAN, judge. Opinion filed May 3, 1947.

*L. T. Cannon,* of Humbolt, argued the cause, and *D. G. Smith,* of Girard, was with him on the briefs for the appellants.

*George W. Donaldson,* of Chanute, argued the cause, and *T. R. Evans,* of Chanute, was with him on the briefs for the appellee.

The opinion of the court was delivered by ·

WEDELL, J.: This action was brought in the district court by eleven heirs at law against the only other heir at law of a decedent who died intestate to set aside a deed executed and delivered by him to defendant, to quiet title in the twelve heirs in equal parts, for partition and an accounting.

The petition was drawn in four alleged causes of action, to each of which defendant filed a general demurrer and also a demurrer challenging the jurisdiction of the district court. Both demurrers were sustained and plaintiffs appeal.

Each alleged caused of action, after the first, made the allegations of the former cause of action a part thereof. It will not be necessary to set forth all the allegations or to set them out in four separate parts. Material allegations will be considered in connection with the various contentions. We pause, however, to state decedent died intestate in Crawford county. The land involved was situated in Neosho county. Administration was had on his estate in Crawford county and the records of the probate court of that county were made a part of the petition by stipulation. The instant action was instituted soon after the administrator was discharged and the estate closed.

The first question presented by appellants is the determination of the legal effect of a deed to the decedent in order to ascertain what title he had to convey to appellee.

The decedent was Asbery Houdashelt, also referred to as Asbury Houdashelt. The deed to decedent, executed in 1895, provided:

"WITNESSETH, That the said parties of the first part, in consideration of the sum of Three Thousand and no/100 Dollars, to them duly paid, have sold, and by these presents do grant and convey to the said [Asbery Houda-shelt] *party of the second part his blood heirs and assigns,* to his own sole and separate ·use free from the interference or control of his wife, all that tract or parcel of land situated in the county of Neosho and State of Kansas, and described as follows, to-wit: [Description]

To Have and to Hold· the above granted premises to the said Asbery Houdashelt to his sole ,and separate use as aforesaid and his heirs, and assigns, and to his and their use and behoof forever.

with the *appurtance* and all of the estate, title and interest of the said parties of the first part therein. And the said parties of the first part do hereby covenant and agree that at the delivery hereof they are the lawful owners of the premises above granted, and seized of a good and indefeasible estate of inheritance therein free and clear of all incumbrance and that they will

WARRANT AND DEFEND the same in the quiet and peaceable posses-
sion of the *said party of the second part his heirs and assigns forever,* against
all persons lawfully claiming the same." (Our italics.)

On March 22, 1944, decedent conveyed his title to appellee by
warranty deed, free and clear of all incumbrances.

Appellants first argue decedent acquired only a life estate and
that the remainder passed to his "blood heirs," appellants and ap-
pellee, in equal shares. They, therefore, contend that, assuming
the deed was not obtained by fraud and was valid, decedent could,
and did, convey only his life estate to appellee. Upon that premise
appellants argue that since they and appellee acquired such title
by deed directly from their father's grantor the property was no
part of decedent's estate and there was no occasion for asserting
any right thereto or interest therein in the probate court.

We need not consider what interest the deed to the decedent would
have conveyed had it employed only the words "blood heirs." The
deed was not so limited. The grantee therein was Asbery Houda-
shelt, "party of the second part his blood heirs and assigns." The
deed warranted the title to "party of the second part his heirs and
assigns forever." This was not a conveyance to decedent of a mere
life estate but of the fee simple title. (Howe v. Howe, 94 Kan. 67,
145 Pac. 873; *Ragland v. Ragland,* 146 Kan. 103, 107, 68 P. 2d 1100.)
Appellants therefore acquired no title by virtue of this deed. What-
ever rights they acquired later, if any, were as heirs under the law of
descents and distributions.

Appellants next contend, as alleged in their petition, the deed to
appellee was void in that it was obtained from decedent by fraud
and undue influence while he was feeble-minded and lacked the
necessary understanding to make the conveyance. If that be true
what was the proper forum in which to initiate proceedings to set
aside the deed and to bring the property into administration under
the admitted facts of this case?

What were the facts? Decedent conveyed the property to appellee
March 22, 1944. It was recorded on the same day. Appellants
filed no action to set it aside during the grantor's lifetime. The
grantor died intestate February 2, 1945, a resident of Crawford
county. On February 28, 1945, Paul Houdashelt, one of the appel-
lants and represented by counsel, filed a verified petition for letters
of administration. He claimed as an heir who had an interest in
the estate. He asserted the estate consisted of personal property

of the probable value of $530. He stated the appointment of an administrator was necessary for the conservation, collection and administration of said property and prayed for the appointment of C. C. Groomer as administrator. He listed appellants and appellee as heirs of the estate. The order appointing the administrator made March 26, 1945, discloses notice of the time and place of hearing of the petition was given as required by law; that the notice was approved and that no person objected to the petition for the appointment of the administrator. The order appointing the administrator also disclosed decedent died intestate in Crawford county February 2, 1945, and at the time of his death was the owner of property situated in Crawford county. The inventory filed by the administrator April 21, 1945, disclosed decedent's estate consisted of personal property only. The verification stated such was all the property of decedent that had come to the administrator's knowledge. On January 28, 1946, the administrator filed his verified petition for final settlement and distribution of the estate. It disclosed the costs of administration and the funeral expenses could not be paid in full. On the same day the probate court approved the administrator's report, discharged the administrator and closed the estate. The court expressly found no notice of final settlement of the estate was required and that it should be closed as provided by G. S. 1945 Supp., 59-1507.

The instant action was commenced in the district court of Neosho county March 20, 1946.

As previously indicated the land was conveyed to appellee. Appellants alleged it was conveyed as the result of undue influence and fraud. If that be true no right, title or interest in the land was legally conveyed and the land remained an asset of decedent's estate. It remained so subject to the payment of decedent's debts and costs of administration. Appellants could obtain only such portion of the estate as remained for distribution after the land was sold and costs of administration and claims against it were paid.

During administration all property of a decedent of every kind and character is drawn into the administration of the probate court as it has exclusive original jurisdiction thereof. A few cases so holding are *Foss v. Wiles,* 155 Kan. 262, 124 P. 2d 438; *Burns v. Drake,* 157 Kan. 367, 139 P. 2d 386. On final settlement and distribution the probate court has exclusive original jurisdiction to determine what assets belong to the estate and it is obliged to describe the

property and determine the portion or part thereof to which each *heir*, devisee and legatee is entitled. (G. S. 1945 Supp., 59-2249.) That could not be done in this case until the land in question was brought under the jurisdiction of the probate court.

Manifestly appellants, with full notice of the pending administration, could not by-pass the court of exclusive original jurisdiction and, after the estate was closed, acquire title to the property of the decedent as heirs at law free from the just claims of creditors of the estate.

Before appellants could acquire their rightful part of the land, if any, as heirs at law, there was a deed in their way which, so long as it stood, effectually thwarted their purpose. So long as it was not set aside they could not be decreed any part of it or interest therein as heirs at law. The probate court had the exclusive original jurisdiction to determine the validity of any contention or claim, whether legal or equitable in character, that was necessary to make a proper and just distribution of the decedent's estate except where the probate code expressly provides otherwise. This general principle has been definitely established in cases involving varying facts and circumstances. Some of them are: *Foss v. Wiles,* supra; *Yeager v. Yeager,* 155 Kan. 734, 129 P. 2d 242; *Egnatic v. Wollard,* 156 Kan. 843, 137 P. 2d 188; *Shively v. Burr,* 157 Kan. 336, 139 P. 2d 401; *Sheedy v. Willoughby,* 157 Kan. 508, 142 P. 2d 801; *Burns v. Drake,* supra; *In re Estate of Grindrod,* 158 Kan. 345, 148 P. 2d 278; *Gantz v. Bondurant,* 159 Kan. 389, 155 P. 2d 450; *In re Estate of Bourke,* 159 Kan. 553, 156 P. 2d 501; *Simmons v. Gill,* 161 Kan. 123, 166 P. 2d 574; *Asendorf v. Asendorf,* 162 Kan. 310, 176 P. 2d 535. We, as in the past, emphasize that this is not a case in which an heir at law may by mere operation of law, and without any action on his part, acquire his distributive share under the law of intestate succession. Were it such a case there would be no need for filing a claim or demand for a distributive share as an heir. Here appellants were obliged to set aside the deed to land which was an asset of decedent's estate before they could hope to be decreed distributive shares as heirs at law. In the case of *In re Estate of Grindrod,* supra, a will stood in the way of an heir who sought to take under the law of intestate succession. She sought to remove that obstruction in the district court. We held she was obliged to initiate the proceedings in the probate court and said:

"The sole purpose of prosecuting the will contest action was to set aside

the will and thereby establish appellee's right to a portion of the estate as an heir at law. The will contest action is merely the means, vehicle or form of action chosen to accomplish that specific purpose. To say that appellee is not now, in substance and in reality, attempting to establish her right or claim to a portion of the decedent's estate as an heir at law would require us to completely ignore the obvious purpose and intent of her present action." (p. 353.)

Appellants further argue the probate court has no power to pass on the question of title to or ownership of land. Where those questions are germane and necessary to final settlement and distribution we have held the probate court alone has such original jurisdiction except where the probate code expressly provides otherwise. See list of cases cited in concurring opinion in *Malcolm v. Larson*, 158 Kan. 423, 427-430, 148 P. 2d 291. In *Gantz v. Bondurant*, supra, we held:

"The determination of an issue of ownership to real estate is as much a prerequisite to the proper distribution of a decedent's estate as the determination of any money demand, and a claim to all or a portion of the decedent's property must be asserted originally in the probate court irrespective of whether the claim be based upon legal or equitable grounds or whether decedent died testate or intestate." (Syl. ¶ 2.)

In the opinion of that case, after quoting numerous cases, it was said:

"In none of the above cases was the claim or demand against the estate for money. In each case it was specifically a claim or demand to all or a portion of the decedent's estate and was based upon the theory that claimant was entitled to be decreed the owner thereof.

"The rule that a claim of ownership to property of a decedent's estate must be filed in the probate court has been applied in cases where decedent died intestate as well as where he died testate. (*Dixon v. Fluker; Burns v. Drake*, both supra.)" (p. 394.)

These principles were followed in *In re Estate of Bourke*, supra, p. 561; *Simmons v. Gill*, supra; and in the recent case of *Asendorf v. Asendorf*, supra, where the legal effect of a portion of a will was involved. We held:

"The will of a testator had been admitted to probate and the estate was being administered pursuant to it, question arose as to whether a certain clause of the will was void, *held*, that the probate court had exclusive original jurisdiction to determine this." (Syl. ¶ 1.)

Contrary decisions on the precise point rendered prior to the adoption of the new probate code July 1, 1939, are not controlling. Counsel for appellants rely strongly on two cases decided since the

adoption of the new code as supporting their right to bring this action in the district court. They are *Kininmonth v. Carson,* 156 Kan. 808, 137 P. 2d 173; *Sheedy v. Willoughby,* 157 Kan. 508, 142 P. 2d 801. We do not deem it necessary to restate all the facts narrated at length in those opinions. The paragraphs of the syllabi and the opinions disclose those actions were not brought by heirs claiming a part of decedent's estate but were brought by the administrator in the Kininmonth case and by the executor in the Sheedy case. The Kininmonth case was brought to quiet title to land under statutory authority and an order of the probate court to take possession of the land to which others claimed title by reason of certain instruments of conveyance. *Defendants did not claim as heirs of decedent's estate.*

The Sheedy case was brought by an executor to obtain partition of real estate which he was authorized to sell by express terms of the will under which he was functioning. The principal defendants who happened to be heirs at law of the decedent *were not contesting the will and were asserting no interest, under the will, to the portion of the real estate involved.* The testatrix was alleged to own an undivided interest in the land and certain defendants, heirs at law, were alleged to hold the remaining undivided interest therein. The respective interests were not in dispute. Insofar as the land was concerned the defendants were utter strangers to the administration proceedings. Under the provisions of G. S. 1945 Supp. 59-1401, an executor or administrator has a right to the possession of all property of the decedent, except the homestead and allowances to the surviving spouse and minor children. An executor or administrator may by himself, or with the heirs, maintain an action for the possession of real estate or to quiet the title to the same. We discern nothing in the Kininmonth, the Sheedy or in any other case cited which gives appellants, in the instant case, the right to assert a claim to a portion of decedent's estate, in the first instance, in the district court.

Appellants argue the order closing the estate without notice to them was void. It appears that in view of the admitted insolvency of decedent's estate, as disclosed by the probate court records, that court was not compelled to serve such notice on appellants. (G. S. 1945 Supp. 59-2247; 59-1507.) That point, however, need not be determined. Appellants have not appealed from the finding of the facts and the order made pursuant thereto that such notice was

unnecessary. The finding and order have become final insofar as the instant action is concerned.

Appellants pleaded and contend they presumed and believed the administrator would do his duty and institute proceedings to bring an action to set aside the deed and for possession of the land. The contention is untenable. Appellants' conduct and the instant action itself are wholly contrary to the alleged presumption and belief. It is conceded appellants were properly notified of the petition for the appointment of an administrator. They therefore knew at all times the estate was being administered and would be closed in due time. The petition nowhere alleged they notified the administrator the land in question belonged to decedent's estate or that they requested him to have the question of ownership determined. On the contrary one of the appellants in his application for administration expressly alleged the estate consisted only of personal property insofar as he knew. The inventory of the administrator likewise disclosed only personal property. The instant petition plainly shows appellants waited until the estate was fully administered and closed before they instituted this action. All the appellants then continued, in such action, to claim the land was no part of decedent's estate.

A studious examination of all cases cited by able counsel on both sides compels us to affirm the judgment of the district court. It is so ordered.

Hoch, J., not participating.