No. 37,460

Katharina Gebers and Paul A. Ude, as Guardian of the Estate of Katharina Gebers, an incompetent woman, *Appellants,* v. Emma Marquart, Ben Marquart, Lloyd Ocobock and John Henning, *Appellees.*

(203 P. 2d 125)

Opinion filed March 5, 1949.

*Charles A. Walsh,* of Concordia, argued the cause, and *W. O. Baldwin* and *Albert Pike, II,* both of Hebron, Neb., were with him on the briefs for the appellants.

*Fred Emery,* of Belleville, argued the cause, and *Walter Weiss,* of Hebron, Neb., was with him on the briefs for the appellees.

The opinion of the court was delivered by

Parker, J.: This action was filed in the district court by the guardian of a decedent's widow to set aside deeds to real estate executed by the decedent to his daughter during his lifetime and filed for record on the date of his death. The trial court sustained a demurrer to the petition on the ground of lack of jurisdiction from which order and judgment the plaintiff appeals.

At the outset it should be stated the petition alleges and the parties agree the action is brought by the guardian for and on be-

half of the incompetent widow. For that reason, notwithstanding the fact the cause as titled refers to more than one party plaintiff and the petition and portions of the briefs do likewise, we shall refer to the party plaintiff in the singular throughout the course of this opinion and for purposes of convenience, even though the guardian is actually the party maintaining the action will treat, regard and hereafter refer to the widow as the plaintiff.

In the interest of clarity reference must also be made to the relief sought in the petition and the ultimate issue submitted to the trial court after such pleading had been motioned. Originally, under its allegations, the plaintiff sought cancellation of two deeds, on grounds of fraud and want of valid delivery, partition, accounting for rents and profits and incidental relief, including particularly recovery of her alleged one-half undivided interest in the real estate. Following the filing of such pleading it was attacked by a motion to separately state and number causes of action therein set forth and commingled and to make it more definite and certain by stating the date on which the plaintiff relied as showing want of delivery of the deeds in the lifetime of the grantor. Thereafter the plaintiff announced in open court, that except as to any cause of action based upon her claim of want of delivery of the conveyances in the lifetime of the grantor, her cause of action was solely one for relief based upon a claim the conveyances were in fraud of her marital rights and claims as the wife and the surviving widow of the grantor. She then asserted she had no sufficient information as to the date of the delivery of the deeds and was given further time in which to plead with respect thereto by an order providing that in event of failure so to do her rights and claims under allegations of her pleading would be limited to the cause of action based upon fraud in the inception of the conveyances in question. Plaintiff failed to amend within the time stated and advised the trial court she did not intend to do so. Thereupon the court ordered, that since plaintiff had refused to amend her petition thus permitting its ruling as to the construction thereof to remain unchallenged, the defendants further plead or answer within ten days.

Defendant, Emma Marquart, then demurred to the petition upon the ground the district court was without jurisdiction of the cause because jurisdiction thereof was wholly within the exclusive jurisdiction of the probate court and on the further ground that such

pleading failed to state facts sufficient to constitute a cause of action for actionable fraud. The same defendant also filed a special demurrer to the petition based upon the premise that as to one tract of real estate described in the petition and located in Smith county the district court of Republic county was without jurisdiction of the subject matter, jurisdiction thereof being exclusively in the courts of Smith county.

Following the filing of the foregoing pleadings by such defendant the cause came on for hearing on the demurrers. The court sustained that portion of the general demurrer charging it was without jurisdiction and as a part of its judgment, incorporated in its decision, there appears the following statement in the form of a memorandum which in part reads:

"The defendant, Emma Marquart, challenges this court's jurisdiction of her and the subject matter of the action, on the ground that original and exclusive jurisdiction rests in the probate court, under the provisions of the probate code of Kansas, as interpreted and applied by the Supreme Court. Other contentions have been made and urged, but since this court has held it has no jurisdiction, no further mention or consideration is necessary or proper relating thereto.

"It seems patent that this court is without jurisdiction, as the subject matter of the action is the alleged estate of a non-resident decedent, the assets being the real estate involved herein, which would need be reduced to possession by a duly appointed representative of said estate, before plaintiff could assert and have assigned and distributed to her the statutory share thereof, descending as a result of the death of her husband.

"Liberally construed, her petition sets forth what may be termed an oral prenuptial agreement under which the decedent agreed to die seized of the real estate in question, leaving her a widow's share therein, and which agreement he violated by the conveyance thereof, in fraud of rights and in truth in fraud of their marriage; such being accomplished by misrepresentation and deceit, as heretofore related.

"Under the code and the decisions, having learned of such fraud after her husband's death, her remedy was that of instituting administration of his estate in probate court, and in and through such proceeding seek to recover, or to bring into said estate, the real estate thus fraudulently conveyed to the daughter; not by direct action in the district court, as here attempted."

The plaintiff's specification of errors attacks only the foregoing order and judgment. Thus it appears, as indeed she concedes, that notwithstanding the other adverse rulings of the trial court with respect to the petition, to which we have heretofore referred, the sole question presented for appellate review is whether the dis-

trict court erred in holding it was without jurisdiction of the subject matter of the action and that the probate court had exclusive original jurisdiction thereof.

Having clarified the proceedings by reason of which the issue on appellate review is limited as herein indicated we are now in position to state the material facts pleaded by the plaintiff and shown by the record. Summarized they can be stated as follows:

The appellees, Lloyd Ocobock and John Henning, are residents of Kansas and tenants of two tracts of real estate presently to be mentioned. All other parties to the action, including the incompetent widow, are residents of Nebraska. Appellee, Ben Marquart, is the spouse of the grantee named in the deeds in controversy.

In October, 1929, Fred Gebers, widower, married the incompetent Katharina Gebers, who was then a widow. Each had living issue by their prior marriages.

On some date not disclosed by the petition, but prior to their marriage, Fred represented to his prospective wife that he owned various tracts of real estate, including one hundred sixty acres in Republic county and a quarter section in Smith county, the real estate here involved, and that if she would marry him the income from this property would be used to support them and she would be entitled to a widow's share therein if he predeceased her.

On September 12, 1929, without his future wife's knowledge, disregarding his representations and for purposes of depriving her of her rights in inheritance as his wife, Fred executed two separate warranty deeds to his daughter, Emma Marquart, the principal appellee herein, whereby he conveyed the tracts of land located in Republic and Smith counties to her.

Following their marriage Fred and Katharina lived together as husband and wife until August 31, 1945, the date of his death.

The deeds were retained in the custody and possession of Fred until August 31, 1945, on which date, in some manner not disclosed by the petition, they came into the possession of the daughter and were placed of record, one in the office of the register of deeds of Republic county and the other in the office of the register of deeds of Smith county.

The petition does not expressly so state but the trial court found, and we adopt its findings as having been established by the record, that Fred Gebers died intestate in Nebraska and that after his

death no proceedings for administration of his estate were ever instituted in Kansas, either in Republic county or Smith county.

On October 2, 1945, less than two months after Fred's death, his widow was adjudged incompetent in Thayer county, Nebraska, and the appellant, Paul A. Ude, was appointed as guardian of her estate. Thereafter, on August 29, 1947, he instituted the action giving rise to this appeal direct in the district court of Republic county by the filing of the petition, heretofore mentioned, charging the deeds made by Fred to the daughter in his lifetime should be canceled and set aside for the reason they were executed in fraud of Katharina's marital rights and that therefore Katharina inherited, and should be decreed to be the owner of, a one-half interest in the real estate therein described under the law of descent and distribution of the State of Kansas.

The gist of appellant's argument, which as we have heretofore indicated must necessarily be limited to one issue in view of the proceedings and judgment heretofore mentioned and set forth, supplemented throughout by collateral suggestions to which we will later refer is, that notwithstanding its decisions to the contrary since the enactment of the Kansas probate code in 1939, this court should overrule such decisions and hold that the district courts of this state have original jurisdiction over the actions there instituted by heirs at law of intestate decedents to set aside conveyances made, executed and delivered by such decedents in their lifetime to persons who would also be heirs at law of their respective grantors under the law of intestate succession of this state.

Whatever else may be charged against our decisions dealing with jurisdictional questions arising under the new probate code (G. S. 1947 Supp. ch. 59 art. 22) it must be conceded they have universally held and the rule is now established that by reason of its terms any claim or demand against a decedent's estate or any portion of it, whether denominated absolute or contingent, legal or equitable, must be filed in the probate court as the court possessing exclusive original jurisdiction over all such claims except when provision is made in such code for filing it elsewhere. For just a few of our decisions so holding see *Erwin v. Erwin,* 153 Kan. 703, 708, 113 P. 2d 349; *Burns v. Drake,* 157 Kan. 367, 370, 139 P. 2d 386; *Simmons v. Gill,* 161 Kan. 123, 166 P. 2d 574; *In re Estate of Pratt,* 164 Kan. 512, 516, 190 P. 2d 872 and *In re Estate of Thompson,* 164 Kan. 518, 190 P. 2d 879. Many other decisions appear in our reports to the

same effect but they will not be listed since they are to be found cited and discussed in the case last mentioned.

In *Houdashelt v. Sweet*, 163 Kan. 97, 180 P. 2d 604, in deciding the district court lacked jurisdiction to entertain an action commenced in that tribunal, we held that a proceeding by heirs at law to set aside a deed from a decedent to another heir at law which conveyed a fee simple title to the latter was tantamount to a claim or demand to a portion of the decedent's estate and as such must be filed in the probate court within the time provided by law. Upon a reëxamination of that case we find nothing wrong with our decision on the point just mentioned and therefore adhere to our holding with respect thereto. The result is the trial court properly sustained the demurrer here involved.

If, as suggested, the action should be regarded as predicated upon a breach of the terms of an oral prenuptial agreement instead of fraud the same conclusion follows. See *In re Estate of Hill*, 162 Kan. 385, 176 P. 2d 515, where it was held:

"A claim asserted by one of the parties to an antenuptial contract against the estate of the other party, which if allowed would reduce the amount of assets which would otherwise be distributed to his heirs or legatees, constitutes a demand against the estate of the deceased party." (Syl. ¶ 5.)

Appellant seeks to avoid the force and effect of the heretofore mentioned holding in *Houdashelt v. Sweet*, supra, by pointing out that there administration proceedings had been instituted prior to the commencement of the district court action while here there was no administration proceedings pending whatsoever when her action in district court was filed. That, in our openion, affords no sound basis for differentiation. If claims or demands against the estate of a resident decedent dying intestate are to be proved and enforced in this state administration of such decedent's estate is necessary and required. Indeed we have expressly so held. On pages 394 and 395 of the opinion in *Gantz v. Bondurant*, 159 Kan. 389, 155 P. 2d 450, the following statement appears:

"It is true that in the instant case appellee took no steps to have her husband's (Chester's) estate administered. That fact, however, did not relieve the father or any other person having a claim upon the property of Chester's estate from having an administrator appointed within one year after Chester's death in order that he might assert the same in the manner and within the time prescribed. (G. S. 1943 Supp. 59-2239; *In re Estate of Dumback*, 154 Kan. 501, 119 P. 2d 476)". (p. 394.)

See, also, *Jardon v. Price*, 163 Kan. 294, 181 P. 2d 469, which holds:

"Anyone having a claim against a decedent's estate, whether it be for money or to determine a controversy concerning a distributive share in the estate, is obliged to have an administrator appointed within one year after decedent's death in order that the claim may be asserted within the time prescribed by the probate code." (Syl. ¶ 1.)

The rule is no different with respect to the establishment of demands against the estates of nonresident decedents (G. S. 1947 Supp. 59-802).

Finally appellant urges that under our code of civil procedure (G. S. 1935, 60-306) a suit to set aside a conveyance may be brought within two years. This argument, so far as she is concerned, entirely overlooks the fact she is asserting a claim against the estate of a deceased person in probate court which, under our decisions (*Burns v. Drake*, supra,, *In re Estate of Bourke*, 159 Kan. 553, 156 P. 2d 501) must be exhibited within the nine months' period specified in G. S. 1947 Supp. 59-2239, in order to avoid being forever barred, also G. S. 1935, 60-303, providing that where, in special cases, a different limitation is prescribed by statute the action is governed by such limitation.

The judgment is affirmed.

Arn, J., not participating.