Pierron, J.,
dissenting: I respectfully dissent. The Kansas Legislature has provided a statutory framework for the fair and efficient disposition of the estates of deceased persons. Part of this is providing for time frames during which claims on the estate assets must be made.
The majority recognizes that the Kansas statutes are written to include a broad range of claimants against the decedents estate. K.S.A. 59-2221 provides a general probate inclusion: “Any person interested in the estate, after the death of the testator or intestate, may petition for the probate of his or her will or for administration.” However, the Kansas statutes are equally clear that statutes of limitation are essential to the timely resolution of a decedent s estate, including presenting claims or a will.
K.S.A. 59-2239 limits the time in which demands and claims may be filed against an estate and has long been considered a probate nonclaim statute. Harris, Survey of Kansas Law: Administration of Estates, 17 Kan. L. Rev. 325, 328 (1968). It operates as a complete bar to all demands against a decedents estate that are not timely filed. 17 Kan. L. Rev. at 328. “A nonclaim statute is a self-contained statute which absolutely prohibits the initiation of litigation based on it [sic] after a prescribed period.” 51 Am. Jur. 2d, Limitation of Actions § 3, pp. 490-91.
*80 One of the primary purposes of K.S.A. 59-2239, and the key in this case, is finality. The nonclaim statute allows the speedy settlement of the decedents estate in the interest of creditors, heirs, - legatees, and devisees and to settle titles to real estate. In re Estate of Tracy, 36 Kan. App. 2d 401, 405, 140 P.3d 1045 (2006). It is a bar on which parties may rely. 3 Bartlett, Kansas Probate Law and Practice § 1316, p. 190 (rev. ed. 1953). In In re Estate of Reynolds, 266 Kan. 449, 455, 970 P.2d 537 (1998) (quoting In re Estate of Watson, 21 Kan. App. 2d 133, Syl. ¶ 5, 896 P.2d 401 [1995]), the court stated:
" ‘K.S.A. 59-2239 is a special statute of limitations. The words ‘all demands’ are all-inclusive and include claims and demands of every type and character against a decedent’s estate except for those particular cases where the statute expressly provides otherwise. A party seeking to remove something from a decedent’s estate must comply with the nonclaim statute in the absence of an express statutory exception such as set forth in K.S.A. 59-2239(2).’” (Emphasis added.)
Further, in Young v. Wheeler, 234 Kan. 845, 851, 676 P.2d 748 (1984) (quoting Atkinson, Law of Wills § 127, p. 691 [2d ed. 1953]), this court recognized that legislatures and courts in general have thought “ ‘ “it is better policy to deny exceptions to the bar of the nonclaim statute rather than to impair its final effect by allowing exceptions, however meritorious/”” The plain language of the nonclaim statute also is emphasized in 3 Bartlett, Kansas Probate Law and Practice § 1316 (rev. ed. 1953):
“The language of the nonclaipi statute is clear, unambiguous, and comprehensive. Words more significant to express every demand to which a personal representative can or ought to respond, or which can charge the assets in his hands subject to administration, or more expressive of every liability, resting upon the decedent, could not have been employed.”
Similar provisions for speedy and finalization of estates are also found in statutory provisions concerning the presentation of a will. K.S.A. 59-617 establishes the general rule. The statute provides in its entirety: “No will of a testator who died while a resident of this state shall be effectual to pass property unless a petition is filed for the probate of such will within six months after the death of the testator, except as hereinafter provided.” Simply put, K.S.A. 59-617 functions as a statute of limitations prohibiting the admission of a *81 will to probate more than 6 months after a testator’s death. In re Estate of Reed, 157 Kan. 602, 607-08, 142 P.2d 824 (1943) (holding die then 1-year time limitation in G.S. 1941 Supp. 59-617 to be a statute of general limitation); Tracy, 36 Kan. App. 2d at 406 (K.S.A. 59-617 is a statute of limitations). Compare K.S.A. 59-618 (savings provision for innocent beneficiaries of wills improperly withheld).
Beverly argues the above provisions for claims against the estate do not apply to claims by heirs or letters of administration. The caselaw is fuzzy. In Nelson v Nelson, 288 Kan. 570, 205 P.3d 715 (2009), the court considered the question of whether a claim must be made against a decedent’s estate when it is alleged the decedent breached a contract to place his entire estate in a testamentary trust for the benefit of his adult children. The district court and the Court of Appeals in Nelson v. Nelson, 38 Kan. App. 2d 64, 162 P.3d 43 (2007), had held that the decedents assets were not subject to a constructive trust because a claim had not been made against the decedents estate within the period of limitations imposed by the nonclaim statute—K.S.A. 59-2239. In affirming, the Nelson court recognized the broad reach of the nonclaim statute:
"The nonclaim statute recognizes that a decedent no longer has the individual capacity to respond in damages to torts, to pay debts, to carry out contracts, or to administer his or her estate; therefore, tire estate must meet the decedent’s financial obligations. In re Estate of Reynolds, 266 Kan. 449, 456-57, 970 P.2d 537 (1998). As a result, a person who seeks to recover from the decedent, whether based on tort, contract, the decedents will, or the statute of intestate succession, must recover, if at all, from the decedent’s estate. 266 Kan. at 456-57; Burns v. Drake, 157 Kan. 367, 369-72, 139 P.2d 386 (1943).
“K.S.A. 59-2239 imposes a special statute of limitations governing such claims against a decedent’s estate, and it operates as a complete bar to all demands against a decedent’s estate that are not timely filed. [Citations omitted.]” 288 Kan. at 591.
The Nelson court found the heirs’ contract claim was barred by the nonclaim statute.
“This policy has been furthered by cases that have read the term ‘all demands’ to be broadly inclpsive of any and all claims, making exception only where a statute expressly provides otherwise. Union Nat’l Bank A Trust Co., 233 Kan. 671. One statutory exception is found in K.S.A. 59-2239(2); that exception extends the statute of limitations for tort claims. Because we have concluded that the Appellants failed to plead fraud and the Appellants do not suggest they have pled any other tort, the tort exception does not apply. There is no similar exception for *82 contract claims; such claims must be brought within the nonclaim period of K.S.A. 59-2239(1).” Nelson, 288 Kan. at 592.
The majority relies on the above quoted language in Nelson. However, Beverly is attempting to thwart the likes of Nelson by making a back door argument that she is not making a claim against the estate, just seeking letters of administration. I am not convinced. If she had filed a lawsuit against Danny, Nelson would have been completely on all fours and resolved her claim. Kansas appellate cases are in accord and have consistently held that an action to enforce an agreement to devise or bequeath a portion of the decedents estate constitutes a claim against the estate. In In re Estate of Goodburn, 210 Kan. 740, 746, 504 P.2d 612 (1972), the court held “that where a party seeks to enforce a contractual obligation to devise or bequeath a portion of a decedents estate, the proceeding constitutes a demand against the estate and not a will contest.”
If Beverly’s ultimate claim is that the Texas real estate transfer and the payable-on-death accounts were fraudulent, then her allegation is a claim to bring the property back into the estate. This is not a case where a party is simply attempting to marshal assets, but rather an attempt to void transfers where no evidence of illegality or undue influence is even alleged. See Estate of Draper v. Bank of America, 288 Kan. 510, 205 P.3d 698 (2009). The court in Nelson addressed this head on:
“[I]f the property is not brought into the estate, recovery may not be allowed. This point is illustrated by at least two cases, Houdashelt v. Sweet, 163 Kan. 97, 180 P.2d 604 (1947), and Wright v. Rogers, 167 Kan. 297, 205 P.2d 1010 (1949). In those cases, this court dismissed actions brought by heirs directly against those who held property that had been obtained via an allegedly void transfer. Even though tire heirs were making claim to property outside the estate, in both cases the court found the proceeding against the property holder was tantamount to a claim or demand to a portion of the decedent’s estate and as such had to be filed in the probate court within the time provided by law. In Houdashelt, the court explained that the action was based upon fraud and undue influence, and if that allegation were true, the land was not legally conveyed and therefore remained an asset of the estate. [Houdashelt,] 163 Kan. at 100; see Wright, 167 Kan. at 302.” Nelson, 288 Kan. at 596-97.
Under the above cited statutes, along with Nelson and Hou-dashelt, when one claims property of an estate, the fact that an *83 estate does not exist does “ ‘not relieve [a family member] or any other person having a claim upon the property of [the] estate from having an administrator appointed’” under the provisions of K.S.A. 59-2239 and making a claim against the estate. Gebers v. Marquart, 166 Kan. 604, 609, 610, 203 P.2d 125 (1949); Gantz v. Bondurant, 159 Kan. 389, 394-95, 155 P.2d 450 (1945). The practical consequence is that appointing of an administrator and filing of the claim must be performed within the 6-month window following the decedent’s death under K.S.A. 59-2239. Beverly was not within this 6-month window.
One of Beverly’s arguments is that we really do not know if there are any assets in the estate until the estate is administered—i.e., the “cart before the horse” argument. The problem with Beverly’s argument is that creditors had 6 months to file a claim against the estate or file a petition for administration of tire estate based on that claim. Additionally, any will had to be presented within a 6-month time frame as well. There were no claims filed against Beverly’s estate or creditor petitions for administration pursuant to a creditor’s claim filed within the 6-month time period. There were no wills presented for probate Beverly’s petition for letters of administration is simply untimely.
I also pause to comment that this is not a case where the death of the decedent was unknown to the person seeking letters of administration and/or making a claim against the estate. Beverly clearly knew of her mother’s death on January 26, 2014. Yet she waited 7 months to file a petition for letters of administration to become administrator of Brenner’s estate. Her request was untimely based on K.S.A. 59-2239, Nelson, and Houdashelt. Additionally, the affidavit of Texas attorney John W. Petry indicates that Beverly called him in early July 2014 to discuss the transfer of deed transaction, again within the 6-month time frame for filing a claim against the estate. In his affidavit, Danny also indicated he explained the deed transaction to Beverly in June 2014.
An action to marshal assets is an impotent tool for decedents’ estates. Kansas cases make clear that an action to marshal assets is properly brought by the representative of the estate and is not a claim against the estate. See Estate of Draper, 288 Kan. 510; In *84 re Estate of Wright, 170 Kan. 400, 227 P.2d 131 (1951) (return of property, court clarified it was not a situation where a beneficiary made a claim against the estate by claiming fraud or void transfer); Wright v. Rogers, 167 Kan. 297, 205 P.2d 1010 (1949) (refusal to return property to the decedents estate).
I note some specific language in Estate of Wright that appears to favor Beverly. After discussing possible assets, the court said:
“Whether these facts may ultimately be proved is not our present question. What toe determine from the pleadings is that there are assets which have not been administered. There is no provision of the probate code fixing a limitation on the time an heir may apply for administration of any estate in which he has an interest. The legislature has seen fit to make a provision fixing the time in which creditors must apply for administration (G.S. 1947 Supp. 59-2239) fixing the time for probate of a written will (59-617 and 618) and for the probate of an oral will (59-619) and had it intended any limitation on an heir seeking administration of an estate in which he had an interest it could have done so. It seems significant that it did not do so.” (Emphasis added.) 170 Kan. at 406.
However, the present case is not one of marshalling assets. The only assets that could be marshaled are the Texas real estate and the payable-on-death accounts. Beverly alleges no additional assets even exist. Beverly would have to claim fraud or void transfer for those to come back into Brenners estate. Consequently, without those assets, the estate does not have substantial assets to administer and, as shown below, the district court was correct to deny the petition on that basis as well.
On the question of the assets in Brenners estate, there is substantial evidence to support the district courts finding that her estate lacked substantial assets to administer. In her petition, Beverly claimed that Brenner s estate included real estate with an estimated value of $100,000 and personal property in the estimated amount of $140,000. However, Danny presented evidence through a special warranty deed and payable on death accounts that the specific property had been given to him by Brenner nearly 3 years before her death. He claimed Brenner s undistributed property amounted to $2,000 in refund checks, but there were still outstanding funeral invoices in excess of $11,500.
At the hearing in this case, Danny’s attorney argued there had been a division of personal property at the storage units in June or *85 July 2014—within 6 months of Brenners death. Even under a summary judgment standard of review, if Beverly had knowledge of the transfers and she believed they were void or fraudulent, she had to file a claim within the 6-month time period under K.S.A. 59-2239. If an estate were opened, Beverly would still have to make a claim of fraud or void the transfers in order to get the money back into the estate and those would be untimely as determined above.
The Kansas Legislature has provided multiple avenues to deal with cases lacking substantial assets. For instance, the nature of the refusal to grant letters procedure indicates it is a method of administering the estate. See K.S.A. 2014 Supp. 59-2287 (when real estate and personal estate do not exceed $50,000). “The basic purpose of 59-2287 is to provide an inexpensive, expeditious method of administering estates that are shown to be within its scope.” In re Estate of Teichgraeber, 217 Kan. 373, 387, 537 P.2d 174 (1975). There is also a procedure outlined in K.S.A. 2014 Supp. 59-1507b for estates not exceeding $40,000, and it allows transfer to decedent’s successors upon affidavit showing entitlement to personal property. Last, K.S.A. 59-2250 provides that when a person has been dead for 6 months, and there is no will, no petition for probate, and no petition for administration, anyone interested in the estate or claiming an interest may petition for distribution in accordance with intestate succession. Beverly did not file any of the above fisted logical options for distributing Brenner’s remaining assets if there are any.
As the parties repeatedly alluded to in the district court, the issuance of letters of administration is rarely a challenged issue. However, the district court did not err in finding Brenner’s estate lacked substantial assets to administer. I would find Beverly’s petition was untimely and involved yet to be determined claims against Brenner’s estate and affirm the district court.