No. 38,376

In re Estate of B. S. Bowman, Deceased. (Moss J. Hoppas, Guardian of the Person and Estate of William E. Hoppas, an Incompetent Person, *Appellant,* v. Mrs. M. H. Bowman and Billie Lea Bowman, *Appellees.*)

(238 P. 2d 486)

Opinion filed December 8, 1951.

*Kenneth Clark,* of Hoxie, argued the cause, and *W. H. Clark,* of Hoxie, and *Marion W. Chipman,* of Hill City, were with him on the briefs for the appellant.

*Jay F. Bennett,* of Norton, *John Bremer* and *L. F. Cushenbery,* of Oberlin, and *A. W. Relihan, T. D. Relihan,* and *Terry E. Relihan,* all of Smith Center, were on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This action was instituted in the probate court by a guardian of an incompetent person to open and vacate a judgment of final settlement and distribution of a decedent's estate. The ultimate relief sought was to set aside a deed to 200 acres of land executed and delivered by the alleged incompetent to the decedent in 1938, the land having been inventoried after decedent's death in 1945 as a part of his estate and assigned to appellees.

The issues in the probate court were joined by a petition, answer and reply. The nature of the primary issues will appear in connection with the contentions of the parties and a narrative of the pleadings is unnecessary.

The probate court sustained a demurrer to plaintiff's evidence. Plaintiff appealed to the district court which likewise sustained the demurrer. From that ruling the plaintiff appeals to this court.

This is the second chapter of the same controversy in this court. (*Hoppas v. Bowman,* 167 Kan. 761, 207 P. 2d 950.) A portion of our opinion in that case will receive further attention later. Presently it will suffice to say the first action was commenced by the same guardian directly in the district court long after the judgment of final settlement of the decedent's estate had been rendered and the property now claimed by appellant, together with all other assets of the estate, had been distributed according to law. That action was brought to obtain the same identical relief sought in the present action.

In order to avoid confusion we probably should say now that all statements contained in the syllabus of the first case do not con-

stitute established facts in the instant case. The statements contained therein constituted allegations in appellant's petition and those allegations were agreed upon in the former case only for the purpose of determining whether the district court had original jurisdiction of the action. The district court held it did not and on July 9, 1949, this court affirmed the judgment and ordered that the action in the district court be dismissed.

After the decision and in October, 1949, the instant action was instituted in the probate court. That was approximately two years and nine months after the judgment was rendered.

Appellant's evidence, in the instant case, also disclosed the following material facts:

The father of William E. Hoppas executed the deed in question directly to William in November, 1932, and the deed was recorded during the same month; in August, 1938, William deeded the 200-acre tract of land to B. S. Bowman; that deed was recorded in September, 1938; during decedent's lifetime he was in the uninterrupted possession and control of the land and obtained the rents and profits therefrom; no action was instituted against him during his lifetime to set aside the deed; after the death of the grantee, Bowman, in December, 1945, the land was inventoried as a part of the Bowman estate; on final settlement and distribution of his estate in January, 1947, the land was assigned to appellees, Bowman's heirs.

Appellant's evidence further disclosed:

About seventeen months after the date of final settlement and distribution Moss J. Hoppas, a brother of William, filed a petition in the probate court to have William declared an incompetent and in June, 1948, he was found and adjudged to be an incompetent person, incapable of handling his business or private affairs for the past forty years; in October, 1949, approximately sixteen months after that adjudication, and about two years and nine months after the judgment of final settlement and distribution of the Bowman estate the instant action was instituted in the probate court.

No demand for the land had been made in the probate court until the time previously indicated. There was no evidence the probate court, the administrator or anyone connected with or interested in the estate had any knowledge of decedent's incompetency or that it was claimed the alleged incompetent owned the land and no personal service was had on the incompetent during the administration proceedings.

The record discloses the district court realized the grantee's lips were sealed by death and that he was unable to explain his version of the transaction with respect to the actual consideration for the deed or his lack of knowledge of William's incompetency. That court, however, accepted the adjudication of incompetency as a settled fact.

The district court found appellant had not established his alleged facts that the deed to B. S. Bowman was without consideration or that B. S. Bowman knew William was an incompetent. In addition to such failure of proof, the court sustained appellees' demurrer to appellant's evidence on the ground no demand or claim to the land had been made within the time prescribed by the 1939 probate code and that appellant was not entitled to have the final judgment of the probate court set aside.

We interrupt to say that in their brief appellees state the following additional facts will not be denied: On September 15, 1933, William E. Hoppas obtained from the Dresden State Bank a loan of $2,500 and secured the same with a mortgage on this 200 acres of land; the mortgage was filed and recorded; default was made in the payment of the note; the taxes upon the land were not paid and such default continued from the time of the execution of the note and mortgage until 1938; upon receipt of the deed Bowman paid the note, which William owed the bank, together with the accrued interest and taxes; the indebtedness of William to the bank was canceled and the mortgage given to secure its payment was released of record.

Counsel for appellant do not categorically deny the statements contained in the preceding paragraphs but do object to their consideration by this court for the reason that such facts were not disclosed by appellant's own evidence against which appellees' demurrer was interposed. Appellant, of course, has a right to make such objection and in view thereof we shall not consider the statements contained in the preceding paragraph.

Without considering such statements we do, however, agree with the district court that appellant's evidence did not show failure of consideration for the deed or Bowman's knowledge of the grantor's incompetency. But laying aside both of those factors the pivotal question remains whether the failure of William, or someone in his behalf, to make a claim or a demand for a portion of decedent's estate within the time prescribed by the probate code precludes

William or his guardian from setting aside the order of final settlement and distribution and the deed in question under the circumstances heretofore stated?

It is, of course, well established that a demand or claim to all or any particular portion of a decedent's estate under the facts alleged on the theory claimant had title thereto and was the owner thereof is a demand within the purview of the nonclaim statute of the probate code (G. S. 1949, 59-2239) and as such must be filed in the probate court within nine months after the first published notice to creditors or it is barred. (*Malcolm v. Larson,* 158 Kan. 423, 427, 148 P. 2d 291, and cases therein cited.) To the same effect are *Gantz v. Bondurant,* 159 Kan. 389, 393, 155 P. 2d 450; *Simmons v. Gill,* 161 Kan. 123, 166 P. 2d 574.

Appellant argues the judgment of the probate court which assigned the property to appellees, the decedent's heirs, was void for the reason the probate court had no jurisdiction of the subject matter because the deed from the incompetent to Bowman was void and that the court had no jurisdiction of the person of William E. Hoppas, the owner of the land. We think appellant confuses jurisdiction of the court over the subject matter with the power of the court to render a correct or an incorrect judgment concerning the subject matter. This property had stood of record in the decedent's name since 1938. Obviously it was inventoried as a part of decedent's estate. The probate court had complete jurisdiction of all property so inventoried until it was shown not to be a part of such estate by appropriate proceeding under provisions of the probate code. Furthermore that court possessed not only the power but it was its duty to distribute and assign all property so inventoried. When the decree became final it was further required to transmit a certified copy of such assignment to the county clerk whose duty it was to enter the same on the transfer record in his office. (G. S. 1949, 59-2249.) We think, under the circumstances it cannot be said the probate court had no jurisdiction of the subject matter.

There is no showing of a failure to comply with regular statutory provisions concerning notice of hearings as to any matter connected with the administration of decedent's estate. Appellant was not a party but an entire stranger to the probate proceedings. The probate code does not require personal notice of hearings to such persons and surely not where they, according to the public records, previously executed and delivered a deed to the decedent. Other-

wise it would be necessary to obtain personal service on all grantors in a decedent's entire chain of title with respect to every piece of real property which stood of record in his name at the time of his death. That is not the law. The judgment of final settlement and distribution was not void. If voidable it was necessary to avoid it in the manner provided by law.

The former appeal to this court involved the single question whether the district court had original jurisdiction to cancel the deed and to quiet title to the land. We held it did not. (*Hoppas v. Bowman,* supra.) However, in an attempt to be helpful to the parties and counsel the opinion further stated the probate court decree of final settlement and distribution was conclusive and that appellant's action was barred. In so concluding we directed attention to the fact the old nonclaim statute, G. S. 1935, 22-702, contained a clause saving to "infants, persons of unsound mind" a right to make a demand against a decedent's estate one year *after the removal of their disability* but that in enacting the 1939 probate code the legislature eliminated the former saving clause to "infants, persons of unsound mind" and required all demands of every kind and character (including those of incompetents) to be filed within nine months after the date of the first published notice to creditors. (G. S. 1949, 59-2239.) We concede the latter portion of our former opinion was *obiter dictum.* Upon re-examination of the question we have concluded it was a correct statement of the law and we approve it.

Obviously it is always the purpose and desire of courts to zealously guard and protect the rights of minors and incompetents. Undoubtedly the framers and enactors of the new law which eliminated the former saving clause to such persons gave the subject serious consideration. Manifestly that was not done in the dark but in the light of careful consideration and deliberation. Whether the change was a wise one is not our present problem. Courts are not permitted to arbitrarily nullify the legislative will. The wisdom of legislative policy is not a concern of the courts. Their function is to ascertain the legislative intent and to uphold and make it effective if reasonably possible to do so. (*Rausch v. Hill,* 164 Kan. 505, 190 P. 2d 357.) No demand for or claim to the land was made as required by law and it seems the instant opinion might be ended without further discussion.

Appellant, however, contends he had a right to have the decree of final settlement and distribution opened and vacated although

the petition therefor was not filed until approximately two years and nine months after the final decree. In support he cites G. S. 1949, 59-2213, which reads:

"No judgment or decree shall be rendered in a probate proceeding without proof. The court shall have control of its orders, judgments, and decrees for thirty days after the date of the rendition thereof. Thereafter such orders, judgments, and decrees may be vacated or modified as provided by section 605 . . . of the code of civil procedure."

That section requires an examination of G. S. 1949, 60-3016 and sections 60-3007 to 60-3015, inclusive. The pertinent part of G. S. 1949, 60-3007 reads:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made:

. . . . . . . . . . . . . .

"*Fifth.* For erroneous proceedings against an infant, or a person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings.

. . . . . . . . . . . . . .

"*Seventh.* For unavoidable casualty or misfortune preventing the party from prosecuting or defending."

The pertinent part of G. S. 1949, 60-3008 reads:

"Proceedings to vacate or modify a judgment or order for the causes mentioned in subdivision four, five and seven of the next preceding section must be commenced within two years after the judgment was rendered or order made, unless the party entitled thereto be an infant, or person of unsound mind, and then within two years after removal of such disability."

G. S. 1949, 60-3013, however, provides:

"A judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action on which the judgment is rendered; or if the plaintiff seeks its vacation, that there is a valid cause of action. . . ."

The purpose of the last quoted section is to avoid the useless setting aside of a judgment where such course could accomplish nothing more than the opportunity for the rendition of another judgment of like effect. (*Burris v. Reinhardt,* 120 Kan. 32, 34, 242 Pac. 143.) So in the instant case it would constitute a futile gesture to set aside the final judgment of the probate court after appellant's own evidence disclosed he had no defense to the judgment by reason of his failure to make the demand in the manner and within the time expressly required by the new nonclaim statute. It is, therefore, unnecessary to consider whether appellant's evidence disclosed a defense to the judgment if the demand had been made in time. Since the demand was not made in time it is wholly im-

material how good his defense otherwise might have been. Where a cause of action discloses on its face it is barred by a statute of limitations, of course, the defect may be taken advantage of by demurrer.

In referring to the civil code it must also be observed it contains a mandate relative to statutes of limitation which are applicable to special cases. G. S. 1949, 60-303 reads:

"Civil actions can only be commenced within the periods prescribed in this article, after the cause of action shall have accrued; but where, in special cases, a different limitation is prescribed by statute, the action shall be governed by such limitation."

In construing that statute we have held the nonclaim statute of the probate code was a special statute governing demands against estates of decedents and that it, and not a general statute of the civil code, controlled such claims or demands. (*Gebers v. Marquart,* 166 Kan. 604, 610, 203 P. 2d 125.)

Another special statute of limitations of the probate code must be noted. It pertains specifically to the opening of judgments in the probate court where such judgments involve *real estate.* (G. S. 1949, 59-2252.)

On the other hand G. S. 1949, 59-2213 is a general statute pertaining to the vacation or modification of orders, judgments and decrees. G. S. 1949, 59-2252, as stated, is a special statute pertaining solely to judgments affecting *real estate.* It contains its own special limitations of time for opening those particular judgments, where the service is by publication in a newspaper, and it provides such probate court judgment or decree may be opened or set aside and a party be let in to defend *within one year after the date of the judgment or decree.* The same statute further provides if the real property, in consequence of such judgment or decree, is passed to a purchaser in good faith that title thereto shall not be affected by proceedings under such section after the expiration of six months.

Although this statute says, "A *party* against whom a judgment or decree has been rendered," (our emphasis) it appears that includes a person who was not a defendant in the proceeding. Such was the interpretation placed on a similar statute, G. S. 1949, 60-2530 (*Cheyenne County v. Walter,* 83 Kan. 743, 745, 112 Pac. 599; *Wyandotte County Comm'rs v. Axtell,* 134 Kan. 304, 306, 5 P. 2d 1078), after which G. S. 1949, 59-2252 was patterned. See 2 Bartlett's Kansas Probate Law and Practice, § 1164, and footnotes.

No reason, therefore, appears why appellant was not required

to have his rights determined under this special statute. It should be noted this statute likewise makes no distinction between competents and incompetents.

Statutes in *pari materia* must be read and construed together in order to ascertain the legislative intent. G. S. 1949, 59-2252 and the nonclaim statute, G. S. 1949, 59-2239, were enacted by the same legislature and at the same time. We think it was the legislative intent that a person desiring to open a judgment of the probate court pertaining to title to real estate of a decedent should first exhaust the special remedies of the probate code provided for that express purpose.

Considering and construing the various pertinent provisions of the probate code we think they disclose a deliberate legislative intent and purpose to provide for an early settlement of titles to real property in order that persons purchasing or dealing therewith might do so with assurance respecting the validity of such titles. If appellant's contentions were adopted the result would be that title to lands involved in administration proceedings and assigned as directed by the probate code could be challenged successfully for twenty, thirty, sixty years or longer. An incompetent's disability might continue during his entire lifetime. We do not believe the legislature intended such a result.

Appellant relies on various decisions of this court holding that a void judgment may be set aside at any time. We previously indicated the judgment was not void. We also observe none of the cases he relies upon presents the question whether the present nonclaim statute of the probate code was applicable to incompetents. Appellant also relies on cases holding that failure to give statutory notice to persons concerning court proceedings renders a judgment void as to them. We have previously indicated the record before us does not disclose failure to give any publication notice required by law in connection with the administration of decedent's estate and that no personal service on William E. Hoppas, a stranger to the proceedings, was required. Appellant cites cases in which it has been held a guardian *ad litem* should have been appointed for the protection of the interests of an incompetent. From facts previously stated it is clear there was nothing in the instant administration proceedings which suggested the need for or required the appointment of a guardian *ad litem*.

The judgment must be affirmed. It is so ordered.